IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

GEOFFREY FOSTER, #26886-001, )
 )
    Petitioner, )
 )
v. ) CIVIL ACTION NO. 2:14-CV-615-MHT
 ) [WO]
DENNIS W. STAMPER, WARDEN, )
 )
    Respondent. )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I. INTRODUCTION

This case is before the court on a 28 U.S.C. § 2241 petition for writ of habeas corpus filed by Geoffrey Foster ("Foster"), a federal inmate incarcerated at the Maxwell Federal Prison Camp in Montgomery, Alabama. On June 11, 2008, the United States District Court for the Northern District of Alabama sentenced Foster as an armed career criminal under the Armed Career Criminal Act, 28 U.S.C. § 924(e) ("ACCA") to a term of 180 months' (15 years') imprisonment, which was the mandatory minimum.[1] Judgment was entered on June 12, 2008. Foster did not appeal the judgment. Docs. 1, 21-1.

Foster filed a motion to vacate under 28 U.S.C. § 2255 on March 15, 2010, in which he argued that (1) he received ineffective assistance of counsel because his attorney failed to file an appeal challenging the application of the armed career criminal provision; (2) his state court case designated as Case No. CC 91-958 does not exist and should not have been used to qualify him as

---

[1] Under the ACCA, a defendant convicted as a felon in possession of a firearm is subject to a mandatory minimum sentence of 15 years if he has three prior convictions for a serious drug offense or violent felony. *See* 18 U.S.C. § 924(e)(1). The ACCA defines a "serious drug offense," in relevant part, as an offense under state law involving manufacturing, distributing, or possessing with intent to distribute a controlled substance, for which a maximum term of imprisonment of ten years or more is prescribed by law. *Id*. § 924(e)(2)(A).

a career offender; and (3) his state court case designated as Case No. CC 07-1514 was dismissed and could not be used as a prior conviction to enhance his offense level. *See Foster v. United States,* Civil Action No. 7:10-CV-8013-RDP (N.D. Ala. 2011). The trial court dismissed the motion to vacate as untimely on August 31, 2011, and Foster's request for a certificate of appealability was denied on June 18, 2012. While the motion to vacate was pending, Foster filed an appeal of his conviction on June 18, 2010. The Eleventh Circuit Court of Appeals issued its mandate on June 13, 2011, dismissing the appeal as untimely. Docs. 21-2, 21-3, 21-4, 21-5.

Under 28 U.S.C. §§ 2255(b) and 2244(b) (3) (A) Foster requested an order authorizing the district court to consider a second or successive motion pursuant to 28 U.S.C. §2255. Foster argued, in part, that three predicate serious drug felonies underlying the application of 18 U.S.C. §924(e) and implicitly, U.S.S.G. § 4b1.4, were all based on the "same occasion." On August 15, 2013, the Eleventh Circuit Court of Appeals denied Foster's request to file a successive motion.[2] Doc. 21-6.

In this petition, Foster challenges the application of the armed career criminal provision to enhance his sentence under § 922(g)(1) based on (1) information in his Pre-Sentence Investigation report regarding a state court conviction (CC 91-958) which does not exist; (2) the sentencing court's allegedly erroneous reliance on prior state court convictions to establish his ACCA-predicate convictions based on unapproved *Shepard*-type information;[3] and (3) the sentencing

---

[2] Foster relied on the Supreme Court decisions in *Alleyne v. United States,* __ U.S. __, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013) and *Descamps v. United States,* __ U.S. __, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013), to support his claim that the jury did not find facts that were necessary to trigger the Armed Career Criminal Act mandatory minimum and maximum applied to him at sentencing. Foster also alleged that his counsel at sentencing provided ineffective assistance when, after sentencing, counsel allegedly failed to appeal the use of his prior convictions as predicate offenses for his ACCA enhancement. The Eleventh Circuit determined that neither *Alleyne* nor *Descamps* supported Foster's request to file a second or successive§ 2255 claim. Doc. 21-6.

[3] *Shepard v. United States,* 544 U.S. 13 (2005).

court's reliance on state court convictions which do not qualify as ACCA predicates under the Supreme Court's decision in *Descamps*, 133 S.Ct. 2276, and the Eleventh Circuit's decision in *United States v. Sneed,* 600 F.3d 1326 (11th Cir. 2010), and (4) he is "actually innocent" of being classified as an armed career criminal under the ACCA because the underlying qualifying offenses used to enhance his sentence were insufficient or non-existent and his sentence, therefore, exceeds the statutory maximum. In an amendment to the petition, Foster challenges his enhanced sentence under the residual clause of the ACCA based on *Johnson v. United States,* __ U.S. __, 135 S.Ct. 2551 (2015).[4] Docs. 1, 35.

Respondent filed responses in opposition to Foster's habeas petition and amendment in which he argues that Foster has failed to meet his burden of showing that the remedy available to him under § 2255 is "inadequate or ineffective" as required by § 2255(e) and, therefore, he may not proceed before this court on a 28 U.S.C. § 2241 petition.[5] Docs. 21, 38. Specifically,

---

[4] Under 18 U.S.C. § 924(e)(1), if a violator has three or more earlier convictions for a "serious drug offense" or a "violent felony," the Armed Career Criminal Act increases the violator's prison term to a minimum of 15 years and a maximum of life. In *Johnson*, the Supreme Court declared the residual clause of the ACCA to be unconstitutionally vague, and held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." *Johnson*, 135 S.Ct. at 2563. The Supreme Court noted that this decision did not "call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Id*. Foster's sentence enhancement under the ACCA resulted from his prior serious drug offenses—he was not subjected to an enhanced sentence under the residual clause. Under the ACCA, a violent felony is defined, in part, as "any crime punishable by imprisonment for a term exceeding one year ... that—"(ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." § 924(e)(2)(B) (emphasis added). *Johnson*, 135 S. Ct. at 2555–56. The italicized portion has come to be known as the Act's residual clause. *Id.*

[5] Foster maintains that his prior habeas action was not heard on the merits and was dismissed without prejudice, that this supports his argument that the instant petition is a first-time habeas corpus action, and that the court, therefore, has subject matter jurisdiction. Doc. 30 at 3–5. Although Fosters' initial § 2255 motion was not reviewed on the merits, for purposes of the AEDPA's successive-motion rules the dismissal of an initial § 2255 motion as untimely is a decision on the merits and "counts" for purposes of rendering a subsequent § 2255 motion "successive." *Boyd v. United States*, 754 F.3d 1298, 1302 (11th Cir. 2014) ("[S]econd or successive status only attaches to a judgment on the merits."); *Candelario v. Warden*, 592 Fed.Appx. 784, 785 n.1 (11th Cir. 2014) (per curiam) (unpublished) (Dismissal of a § 2255 motion as time-barred is a judgment on the merits); *Carter v. United States*, 405 Fed.Appx. 409, 410 (11th Cir. 2010) ("The

3

Respondent maintains that Foster cannot meet the "inadequate or ineffective" requirement because (1) he has not shown that his claims are based on a retroactively applicable Supreme Court decision which establishes that he was convicted of a non-existence offense; (2) his reliance on *Descamps*, 133 S.Ct. 2276 is misplaced; (3) the Supreme Court's decision in *Shepard v. United States,* 544 U.S. 13, has not been held retroactively applicable on collateral review and the Eleventh Circuit's decision in *United States v. Sneed,* 600 F.3d 1326 (11th Cir. 2010) is an appellate court decision; and (4) *Johnson* does not apply to Foster's case because the trial court deemed him an armed career criminal offender based on his prior drug offenses, not on a conviction for a violent offense within the definition of the residual clause of Section 4B1.2(a) of the Sentencing Guidelines. Doc. 21 at 3–7; Doc. 38 at 2–3.

Upon review of the petition and amendment to the petition, the responses and supporting evidentiary material filed by Respondent, Foster's response, and relevant federal law, the court finds that no evidentiary hearing is required, *see* Rule 8(a), Rules Governing Section 2254 Cases in United States District Courts, and concludes that the instant § 2241 habeas petition is due to be dismissed because the "petition does not fall within the text of the saving clause" of § 2255(e). *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, (11th Cir. 2017), *petition for cert. filed,* (U.S. July 12, 2017) (No. 17-85).

---

district court dismissed [petitioner's] first motion to vacate as untimely, that dismissal constituted a dismissal with prejudice, and [petitioner] has not sought permission from this Court to file a successive motion.") (*citing* 28 U.S.C. §§ 2244(b)(3)(A), 2255(h)) (other citation omitted); *see also In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011) (dismissal of habeas petition as time-barred was a decision on the merits, and any later habeas petition challenging the same judgment is second or successive and is subject to the AEDPA requirements); *Villanueva v. United States*, 346 F.3d 55, 61 (2d Cir. 2003) ("[W]e hold that a habeas or § 2255 petition that is properly dismissed as time-barred under AEDPA constitutes an adjudication on the merits for successive purposes.").

# I. DISCUSSION

"Typically, collateral attacks on the validity of a federal sentence must be brought [in a motion to vacate] under § 2255." *Darby v. Hawk-Sawyer*, 405 F.3d 942, 944 (11th Cir. 2005); *McCarthan*, 851 F.3d at 1081 (noting that for decades "Congress has required that a federal prisoner file a motion to vacate, 28 U.S.C. § 2255, instead of petition for writ of habeas corpus, *id*., § 2241, to collaterally attack the legality of his sentence.").

> A motion to vacate allows a prisoner to contest his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Section 2255(e) makes clear that a motion to vacate is the exclusive mechanism for a federal prisoner to seek collateral relief unless he can satisfy the "saving clause" at the end of that subsection:
>
>> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*.
>
> *Id*. § 2255(e) (emphasis added). "[*S]aving*[, not savings,] is the precise word" for "a statutory provision exempting from coverage something that would otherwise be included," Bryan A. Garner, *Garner's Dictionary of Legal Usage* 797 (3d ed. 2011); it has nothing to do with saving a statute from unconstitutionality, *see, e.g.*, 28 U.S.C. § 1333(1) ("saving to suitors in all cases all other remedies to which they are otherwise entitled").

*McCarthan*, 851 F.3d at 1081–82 (emphasis in original).

The saving clause of 28 U.S.C. § 2255(e) permits a federal prisoner to file a habeas petition pursuant to § 2241 if he establishes that the remedy afforded by § 2255 "is inadequate or ineffective to test the legality of his detention." *Taylor v. Warden FCI Marianna*, 557 Fed.Appx. 911, 913 (11th Cir. 2014). When a petitioner seeks to proceed on a § 2241 petition for writ of habeas corpus under the saving clause of § 2255(e) he "bears the burden of establishing that the remedy by [§

2255] motion was 'inadequate or ineffective to test the legation of his detention.'" *McCarthan*, 851 F.3d at 1089 (internal citation omitted). "[W]hether a federal prisoner pursuing a § 2241 petition meets the § 2255(e) saving[] clause, and thereby opens a portal to review of the merits of the § 2241 petition, is a threshold consideration that must be resolved [by the court] before reaching the merits of the § 2241 petition." *Simmons v. Warden*, 661 Fed.Appx. 957, 959 (11th Cir. 2016); *Jeffers v. Chandler*, 253 F.3d 827, 830–31 (5th Cir. 2000), *cert. denied*, 534 U.S. 1001 (2001) (same).

> The saving clause provides a federal prisoner relief only when his 'remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). When we read this text, several terms offer important clues about its meaning: "remedy," "to test," "inadequate or ineffective," and "detention." Careful review of these terms and the whole text makes clear that a change in case law does not trigger relief under the saving clause. Whether circuit precedent "was once adverse to a prisoner has nothing to do with whether [a] motion to vacate his sentence is 'inadequate or ineffective to test the legality of his detention.'"
>
> *[Petitioner's] claim that his sentence exceeds the statutory maximum is exactly the kind of claim that a motion to vacate is designed to "remedy," notwithstanding adverse precedent.*

*McCarthan*, 851 F.3d at 1085–86 (internal citation omitted) (emphasis added). Thus, "[w]hen a prisoner's argument about the legality of his sentence conflicts with circuit precedent, a motion to vacate is neither inadequate nor ineffective to test his argument." *Id*. at 1088. Moreover, neither a petitioner's failure to bring his sentencing claim "earlier nor his odds of success on the merits are relevant to the saving clause inquiry. Because [Petitioner] filed a traditional claim attacking his sentence that he could have brought in a motion to vacate, the remedy by motion is adequate and effective to test the legality of his detention." *Id*. at 1090.

The Court in *McCarthan* further observed:

> The motion to vacate was intended to be a *substitute* remedy for the writ of habeas corpus, *see Hill v. United States*, 368 U.S. 424, 427, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962); *Hayman*, 342 U.S. at 219, 72 S.Ct. 263, but permitting federal prisoners to

6

file habeas petitions based on an intervening change in statutory interpretation [rather than newly recognized right or new rule of constitutional law established by the Supreme Court and made retroactive on collateral review] provides those prisoners with a *superior* remedy. Allowing a prisoner to use the saving clause to bring a statutory claim in a habeas petition circumvents the bar on successive petitions. 28 U.S.C. § 2255(h). It does away with the one-year statute of limitations. *Id*. § 2255(f). It renders the process for obtaining permission to file a second or successive motion, *id*. § 2253(b), and that for obtaining a certificate of appealability, *id*. § 2253(c)(1), a nullity. A prisoner who brings a constitutional claim under section 2255(h) [and section 2255(f)(2-4)], in contrast, must overcome these procedural hurdles. The [prior] test [established by circuit precedent] unravels this carefully tailored scheme. It makes no sense to allow a federal prisoner to evade the statutory framework by filing a petition for a writ of habeas corpus.

Allowing a federal prisoner to bring a [procedurally barred] claim in a petition for a writ of habeas corpus also defies the logic of the venue provisions. A federal prisoner must file a motion to vacate in the court that tried and sentenced him, where he can challenge issues about his trial and sentencing. *See id*. § 2255(a). In contrast, he must bring a petition for a writ of habeas corpus in the district in which he is imprisoned, where he can challenge his detention. *See id*. § 2241(d). The United States Attorney who participated in sentencing defends challenges to the prisoner's trial and sentencing. *Id*. § 2255(a). But the warden of the prison defends challenges to the prisoner's detention. *Id*. § 2241(d).

Allowing a prisoner to bring an ordinary attack on his sentence in the district where he is detained eviscerates this structure. It resurrects the problems that section 2255 was enacted to solve, such as heavy burdens on courts located in districts with federal prisons, inconvenience for witnesses who must travel far from where the prisoner was tried to the place where he is detained, the requirement that wardens defend resentencing. *See* [*United States v. Hayman*, 342 U.S. 205, 219 (1952)]. It also creates new procedural and jurisdictional wrinkles for district courts tasked with implementing relief that the statute does not contemplate. *See Hill v. Sepanek*, Civil No. 14-85-ART, 2017 WL 73338, at *5–9 (E.D. Ky. Jan. 6, 2017) (Thapar, J.) ("[P]ractical problems ... arise under any construction of the saving[] clause that does not comport with its plain meaning."); *Love v. Hogsten*, Civil Action No. 1:09-cv-2134-JEC, 2012 WL 3822194, at *4 (N.D. Ga. Sept. 4, 2012) (J. Carnes, J.) ("Insisting that what is essentially a § 2255 claim … be instead deemed a § 2241 claim [shifts] the venue … from the district of sentencing to the district in which the petitioner is confined[,] … meaning that there is the potential for multiple § 2241 saving[ ] clause claims in multiple districts, creating confusion, duplicative effort, and potentially inconsistent results."). Allowing access to the saving clause to bring ordinary sentencing challenges disregards Congress's decision to bifurcate the system of collateral review between challenges to a prisoner's sentence and challenges to the execution of a prisoner's sentence. Limiting the saving clause to claims that are not cognizable or that cannot be remedied under section 2255 respects the entire system of federal collateral review.

7

*McCarthan*, 851 F.3d at 1090–92 (emphasis in original). As the court noted, permitting procedural bars to "to trigger the saving clause makes the statute self-defeating." *Id*. at 10. It is therefore clear that the mere fact a petitioner faces procedural bars—*i.e.*, successive petition, expiration of the one-year limitation period or procedural default— to obtaining relief in a § 2255, does not render § 2255 inadequate or ineffective.

"A motion to vacate is inadequate or ineffective to test the legality of a prisoner's detention only when it cannot remedy a particular kind of claim. Even if a prisoner's claim fails under circuit precedent, a motion to vacate remains an adequate and effective remedy for a prisoner to raise the claim and attempt to persuade the court to change its precedent, and failing that, to seek certiorari in the Supreme Court." *McCarthan*, 851 F.3d at 1099. Furthermore, the fact that Foster faces procedural bars to filing a § 2255 motion does not render that section inadequate or ineffective. Foster, therefore, does not qualify for the saving clause because his claims challenging application of prior offenses used to enhance his sentence under the ACCA are claims which are cognizable under § 2255 and could have been (or were) raised in a motion to vacate. Consequently, "the remedy by [§ 2255] motion was an 'adequate and effective means for testing such [] argument[s].' [Foster] cannot now use the saving clause to make th[ose] claim[s] in a petition for a writ of habeas corpus." *McCarthan*, 851 F.3d at 1099–1100 (internal citation omitted).

For the foregoing reasons, Foster is entitled to no relief on the claims raised in his 28 U.S.C. § 2241 petition and this case is due to be dismissed for lack of jurisdiction. *Christopher v. Miles*, 342 F.3d 378, 385 (5th Cir.), *cert. denied*, 540 U.S. 1085 (2003) (noting that since the petitioner could not satisfy the saving clause of § 2255(e) the district court should have dismissed the petition for lack of jurisdiction rather than denying the petition).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the undersigned Magistrate Judge that the 28 U.S.C. § 2241 petition for habeas corpus relief filed by Geoffrey Foster be DISMISSED for lack of jurisdiction and this case be DISMISSED with prejudice.

It is further ORDERED that on or before **August 23, 2017**, the parties may file an objection to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made; frivolous, conclusive, or general objections will not be considered.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's Recommendation shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, on this the 9th day of August, 2017.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge